**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

UNITED STATES OF AMERICA,

v.

                                                 CRIMINAL ACTION NO. 5:22-cr-046-10

ARILEAH LACY.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Arileah Lacy's Motion for Early Termination of Probation [ECF 882], filed March 26, 2026. The United States responded in opposition on April 14, 2026. [ECF 885].

**I.**

On January 6, 2023, following her guilty plea to making false statements in acquisition of firearms, in violation of 18 U.S.C. § 924 (a)(1)(A), Ms. Lacy was sentenced to 5 years of probation. [ECF 633]. Ms. Lacy began serving her term of probation on the same day. Ms. Lacy now moves for early termination of her term of probation inasmuch as she has (1) complied with the terms of her probation, and (2) maintained employment, housing, and sobriety. [ECF 882].

Ms. Lacy's Probation Officer notes (1) she has paid the special assessment, (2) a criminal record check revealed no new criminal conduct, and (3) she has been "predominantly" compliant with the conditions of her probation. However, the Probation Officer suggests early termination is not yet appropriate inasmuch as Ms. Lacy submitted a positive urine specimen on

April 9, 2026, which resulted in the filing of a Noncompliance Report. [*See* ECF 886]. Finally, the Probation Officer notes the Government likewise opposes Ms. Lacy's Motion.

**II.**

Pursuant to 18 U.S.C. § 3564(c), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (discussing early termination in the context of 18 U.S.C. § 3583(e)).

After careful consideration of the applicable Section 3553(a) factors, the Government's response, and the information provided by Ms. Lacy's Probation Officer, the Court concludes that early termination of Ms. Lacy's probation is not presently warranted. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and allow for adequate rehabilitation. *See* 18 U.S.C. § 3553(a)(2). The Court is not yet persuaded these aims have been achieved. First, Ms. Lacy has not yet completed two thirds of her period of supervision. [*See* ECF 885]. Second, although Ms. Lacy completed approximately 38 months of her 60-month term of probation without incident, her recent positive urine screen and the surrounding circumstances demonstrate her present lack of dedication to maintaining a law-abiding lifestyle. The Court is especially concerned that Ms. Lacy initially denied use of the illicit substance, particularly considering the fact that her "confirmed positive from the national testing laboratory . . . noted . . . the sample was diluted." [*See* ECF 886 at 1].

In light of the foregoing, the Court **FINDS** that early termination of Ms. Lacy's term of probation is premature.

2

## III.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Ms. Lacy's Motion for Early Termination of Probation. [**ECF 882**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 27, 2026

Frank W. Volk
Chief United States District Judge

3